## Case No. 4,362.

### ELIZABETHPORT & N. Y. FERRY CO. v. UNITED STATES.

[5 Blatchf. 198.][1]

Circuit Court, S. D. New York.  Nov. 24, 1863.

Washington Q. Morton and Charles Donohue, for plaintiffs in error.

E. Delafield Smith, Dist. Atty., for the United States.

NELSON, Circuit Justice. The 42d section of the act of August 30th, 1852, provides "that this act shall not apply * * * to steamers used as ferry boats, tug boats, towing boats, nor to steamers not exceeding one hundred and fifty tons burthen, and used in whole or in part for navigating canals." The steamers charged in this case with having violated the requisition of the Acts of 1838 and 1852, were used on the ferry between New York City and Elizabethport, New Jersey, touching at Bergen Point, New Jersey, and Mariners' Harbor, New York. This ferry, according to the evidence, was established more than eighty years ago, and has been continued ever since. It is older than the present government, and I think it rather late to institute the inquiry whether or not the proprietors possess all the rights and privileges belonging to a ferry franchise. I shall assume that they do, and that they were so invested under and by virtue of the municipal law of the states of New York and New Jersey. According to the doctrine of Gibbons v. Ogden, 9 Wheat. [22 U. S.] 1, 214, and numerous other cases following it, both in the federal and state courts, the grant of a ferry franchise belongs exclusively to the state governments, and is among the mass of reserved powers never granted by the states. And hence congress, when dealing with the equipment and regulation of vessels engaged in navigation, under the commercial power conferred upon it by the constitution, usually, if not always, in express terms, exempts this class of vessels, as they are engaged in a navigation under the authority and direction of the municipal laws of the states, and are subject to their regulation. The case of Conway v. Taylor's Ex'rs, 1 Black [66 U. S.] 604, recently before the supreme court of the United States, will illustrate this distinction. The extensive and very full examination of the subject of ferries, and ferry rights, under state laws and state jurisdiction, in that case, makes it unnecessary for me, in this, to do more than refer to it. I am satisfied that the exemption clause, already referred to, in the act of 1852, covers the vessels proceeded against in this case.

Judgment reversed.